UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTORIA WALTZ, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:11-cv-0583-JMS-MJD |
| | ) | |
| TOWN OF PRINCE'S LAKES, *et al.*, | ) | |
|     *Defendants*. | ) | |
| | ) | |

## <u>ORDER TO FILE JOINT JURISDICTIONAL STATEMENT</u>

Plaintiff Victoria Waltz filed a Complaint against Defendants Town of Price's Lakes, Prince's Lakes Municipal Water Department, and Prince's Lakes Water & Sewage Utility (collectively, "<u>Defendants</u>"), alleging that this Court can exercise diversity jurisdiction over her claims. [Dkt. 2 at 1 ¶ 3.]

Ms. Waltz alleges that she is a resident of Ohio, that Defendants are municipalities or municipal corporations with their principal places of business in Indiana, and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. [Dkt. 2 at 1 ¶¶ 1-3.] Although Defendants have answered Ms. Waltz's Complaint and don't outright dispute that diversity jurisdiction exists, [dkt. 14], the Court must independently determine whether proper diversity among the parties exists, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the docket, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Ms. Waltz alleges that she is a resident of Ohio. [Dkt. 2 at 1 ¶ 1.] "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Therefore, Ms. Waltz has not alleged her citizenship. Moreover, considering that Ms. Waltz "owns a lake cot-

tage . . . [in] Indiana" that is the subject of this action, [dkt. 2 at 2], it is possible that Ms. Waltz is actually a citizen of Indiana, not Ohio. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (for purposes of diversity jurisdiction, citizenship "is the place one intends to remain"); *see also Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (listing evidence supporting plaintiff's citizenship as amount of time spent in state each year, state of voter registration, state of driver's license, address for government benefits, and address for tax bills).

Ms. Waltz alleges that Defendants are "municipalities and/or municipal corporations with their principal place of business in Johnson County, Indiana," [dkt. 2 at 1 ¶ 2], and Defendants confirm this in their Answer, [dkt. 14 at 1 ¶ 2]. Therefore, all of the Defendants are citizens of Indiana. *See Creek v. Village of Westhaven*, 80 F.3d 186, 193 (7th Cir. 1996) (for purposes of diversity jurisdiction, municipalities are treated by law as if they were persons); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 (7th Cir. 1982) ("a municipal corporation is a citizen of the state which creates it").

In response to Ms. Waltz's allegation that the amount in controversy exceeds $75,000, exclusive of interest and costs, however, Defendants assert that they are without knowledge to admit or deny that allegation and, therefore, deny that allegation. [Dkt. 14 at 1 ¶ 3.] If the amount in controversy does not exceed the jurisdictional requirement, the Court cannot exercise diversity jurisdiction over this dispute. 28 U.S.C. § 1332(a).

Because the Court cannot assure itself that it can exercise diversity jurisdiction over Ms. Waltz's claims, it **ORDERS** the parties to file a joint jurisdictional statement by **July 1, 2011**, setting forth Ms. Waltz's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on Ms. Waltz's citizenship, the

amount in controversy, or any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by that date setting forth their positions.

06/24/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP
dguevara@taftlaw.com

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Brad R. Sugarman
TAFT STETTINIUS & HOLLISTER LLP
bsugarman@taftlaw.com